## STATE v WALTER

Ohio Common Pleas, Geauga Co

Decided June 30, 1938

Harold K. Bostwick, prosecuting attorney, Chardon, for the state.

Mark Sperry, Chardon, for the defendant.

SLOCUM, J. (Sitting by special assignment).

### OPINION

The defendant, Harry J. Walter, was indicted by the grand jury of Geauga county, the indictment alleging in substance that said defendant on or about the 13th day of January, 1938, operated an automobile in said county while in a state of intoxication or under the influence of narcotics.

A jury was waived and the case tried to the court under the following stipulation of facts: That the said defendant on the 13th day of January, 1938, operated his motor vehicle on North Cheshire street in Burton Village, Geauga county, Ohio, and that at the time he was operating said motor vehicle, an examination by two physicians showed that he was under the influence of penta barbital to the extent that his eyesight, comprehension, and co-ordination were affected.

Counsel for the state argued strenuously that the defendant came within the provisions of §6296-30 GC, paragraph C, providing a penalty for operating a motor vehicle while in a state of intoxication and that if he did not come within this provision, he at least came within the provision providing a penalty for operating a motor vehicle under the influence of narcotics.

Apparently there are no decisions in the state of Ohio, or, so far as this court could discover, any decisions in any other states concerning the state of facts in this case. The court is of the opinion that this case is not governed by the provisions of the General Code as to operating a motor vehicle while in a state of intoxication and that such a state is where one operates under the influence of intoxicating liquor. As to the question of operating while under the influence of narcotics, counsel for the defendant strenuously argued that the definition of "narcotics" should be controlled by the provisions of §12672-1 paragraph 13, GC reading:

" 'Narcotic drugs' means cocoa leaves, opium cannabis and every substance not chemically distinguishable from them."

However, the court feels that the definition of "narcotics" should be given a broader interpretation to cover the purpose of this §6296-30 paragraph C, namely, to make the highways and roads of our states less hazardous to drivers of automobiles by keeping people incapacitated to drive an automobile safely off the highways. It may also be said that penta barbital comes within the broad definition of a "narcotic". The doctor who testified in the case stated that this drug produces sleep or stupor and relieves pain; and the definition of a "narcotic" in the Standard Dictionary is, in substance, "any drug which produces sleep and at the same time relieves pain."

Therefore, bearing in mind the purpose of the General Code and the broad definition of "narcotic", the court is of the opinion that the defendant is guilty of operating a motor vehicle while under the influence of narcotics.